UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **VICKIE BOLEN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CAUSE NO. 1:08-cv-66** |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

Before the Court is a motion for appointment of counsel (Docket # 14) filed by *pro se* Plaintiff Vickie Bolen, requesting that this Court appoint counsel to represent her in this appeal from the denial of her application for disability benefits under the Social Security Act. In response to her motion, the Court instructed Bolen to submit a Questionnaire for Appointment of Counsel (Docket # 15), which included the requirement that Bolen provide the names of at least three attorneys she contacted and the reasons they refused to take her case. Bolen filed the completed Questionnaire on July 2, 2008, admitting that she has not contacted any attorneys concerning her case because she "ha[s] no money." (Docket # 16.)

"Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. § 405."[1] *Kirkpatrick v. Astrue*, No. 08-0407, 2008 WL 879407, at *1 (W.D. La. Mar. 31, 2008). "Thus, the court must look to the more general authority of 28 U.S.C. § 1915(e)(1) to consider [a] plaintiff's request for court-appointed counsel." *Id*. Under 28 U.S.C.

---

[1] Indeed, no constitutional or statutory right to counsel exists in a civil case. *Pruitt v. Mote*, 503 F.3d 647, 656-57 (7th Cir. 2007) (citing *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997); *Zarnes v. Rhodes,* 64 F.3d 285, 288 (7th Cir. 1995).

§ 1915(e)(1), a court may request that an attorney represent an indigent litigant; the decision whether to recruit pro bono counsel is left to the discretion of the district court. *Pruitt,* 503 F.3d at 649; *Luttrell*, 129 F.3d at 936; *Zarnes*, 64 F.3d at 288.  "When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654-55.

Here, Bolen's lack of funds certainly does not preclude her from contacting attorneys concerning her case, as the most common fee arrangement between attorneys and social security claimants is the contingent-fee agreement.[2] *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).  "If . . . the indigent has made no reasonable attempts to secure counsel (unless circumstances prevented [her] from doing so), the court should deny any § 1915(d) motions outright." *Jackson*, 953 F.2d at 1073. *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) ("In determining whether to appoint counsel for an indigent plaintiff . . ., a court must 'first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful . . . .'") (quoting *Jackson*, 953 F.2d at 1073)).  Bolen's failure to meet this threshold requirement is fatal to her request for appointment of counsel, and thus her motion for appointment of counsel (Docket # 14) is DENIED.  SO ORDERED.

Enter for this 14th day of July, 2008.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

---

[2] A contingent-fee arrangement is where the attorney agrees to represent a client and receive compensation as a percentage of the amount recovered on the client's behalf. BLACK'S LAW DICTIONARY 426-27 (6th ed. 1991).